IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DANIEL STEWART, SPN #01634622, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-4247 |
| BOARD OF PARDONS AND PAROLES, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Mark Daniel Stewart (SPN #01634622; former TDCJ #02063704), has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) concerning a parole revocation proceeding that has resulted in his detention at the Harris County Jail. Stewart has also filed Plaintiff's More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 6), which includes exhibits related to the challenged revocation proceeding. Because Stewart proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Stewart was admitted to the Harris County Jail (the "Jail") most recently on January 20, 2020,[1] following his arrest for possession of a controlled substance.[2] Those charges are pending against Stewart in the 248th District Court for Harris County, Texas, in Cause No. 166123201010.[3] Although the trial judge granted him a "PR bond" in that case, Stewart was not released from custody because of a hold imposed by parole officials, who instituted revocation proceedings against Stewart for violating the terms and conditions of his supervised release from prison in connection with a previous conviction.[4]

According to exhibits provided by Stewart, the Texas Board of Pardons and Paroles ("Parole Board") held a preliminary hearing on February 12, 2020, regarding the alleged violations committed by Stewart.[5] The exhibits reflect that Stewart was previously convicted of unlawful possession of a firearm as a felon and

---

[1] See Complaint, Docket Entry No. 1, p. 5; Plaintiff's MDS, Docket Entry No. 6, p. 1 Response 1. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2] Plaintiff's MDS, Docket Entry No. 6, p. 2 Response 3(A) and 3(B).

[3] Id. at 2 Response 3(C).

[4] Complaint, Docket Entry No. 1, p. 5.

[5] State of Texas Board of Pardons and Paroles Hearing/Waiver Results, attached to Plaintiff's MDS, Docket Entry No. 6, pp. 13-16.

sentenced to 15 years' imprisonment on December 18, 2014.[6] Stewart was released from state prison on July 18, 2018, and a warrant issued for the revocation of his parole on November 14, 2019.[7] The hearing officer found that Stewart violated the terms of his supervised release by failing to report to his parole officer as required on several occasions and that Stewart also failed to reside in an approved place.[8] The hearing officer further found that Stewart violated the terms of his release by committing a new offense while on parole.[9] At the close of the preliminary proceeding, Stewart's parole officer and the hearing officer both recommended proceeding with a final revocation hearing.[10] Stewart was provided with a copy of the report containing the results of the preliminary hearing on October 19, 2020.[11]

Invoking 42 U.S.C. § 1983, Stewart has filed this action against the Parole Board and Harris County Sheriff Ed Gonzalez.[12] Stewart seeks relief from the pending parole revocation proceedings and the hold imposed by parole officials, which has resulted in his

---

[6]Id. at 13.

[7]Id.

[8]Id. at 13-14.

[9]Id. at 14-15.

[10]Id. at 15.

[11]Id. at 16.

[12]Complaint, Docket Entry No. 1, pp. 2-3.

continued confinement at the Jail.[13] Stewart contends that the parole hold is "discriminatory" because he knows of other "parolees" who have been released on PR bonds after receiving new charges.[14] He also alleges that parole officials have violated "Double Jeopardy" because the parole hold is the only thing standing in the way of his release on the PR bond set by the trial court in his pending criminal case.[15] Noting further that he has been exposed to COVID-19 while at the Jail, Stewart asks this court to lift the parole hold and grant him release from custody.[16]

## II. Discussion

To the extent that Stewart's allegations call into question the validity of parole revocation proceedings that remain pending for final adjudication, the Supreme Court has held that federal courts may not interfere with ongoing state criminal proceedings unless extraordinary circumstances are present. See Younger v. Harris, 91 S. Ct. 746, 750-51 (1971). Abstention is required under the Younger doctrine when "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the

---

[13]Id. at 3.

[14]Id. at 3; Plaintiff's MDS, Docket Entry No. 6, p. 6 Response 7.

[15]Complaint, Docket Entry No. 1, p. 3; Plaintiff's MDS, Docket Entry No. 6, pp. 6-7 Response 8.

[16]Complaint, Docket Entry No. 1, p. 5.

claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." Bice v. Louisiana Public Defender Board, 677 F.3d 712, 716 (5th Cir. 2012) (citation and internal quotation marks omitted); see also Vidal v. Board of Pardons and Paroles, No. 3:20-cv-1507-X-BN, 2020 WL 4678437, at *2 (N.D. Tex. June 15, 2020) ("'Younger abstention applies to pending criminal proceedings as well as parole revocation proceedings affecting state court orders.'") (quoting George v. Colorado Department of Corrections, No. 15-cv-0436-LTB, 2015 WL 2398179, at *2 (D. Colo. May 18, 2015) (citations omitted)).

The court concludes that abstention is required because all three of the Younger criteria are satisfied. First, the exhibits provided by Stewart confirm that he has been charged in an ongoing parole revocation proceeding with violating the terms and conditions of his parole by committing technical violations and by committing a new criminal offense. Second, the exhibits show that Stewart was on parole from a 15-year prison sentence that he had received for possession of a firearm by a felon when he committed these violations. The State of Texas has an important interest in regulating compliance with the terms and conditions of parole for offenders who have been granted supervised release before discharging a prison sentence. Third, Stewart will have an avenue to pursue claims related to his parole revocation in a habeas corpus proceeding under Article 11.07 of the Texas Code of Criminal

Procedure. See, e.g., Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998) (citing Board of Pardons and Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995)). Under these circumstances, federal intervention is not warranted.

To the extent that Stewart asks the court to lift the parole hold and grant him immediate release from custody, he cannot pursue this type of relief in a civil rights action. The Supreme Court has recognized that a civil rights action pursuant to 42 U.S.C. § 1983 must yield to the more specific federal habeas corpus statute, with its attendant procedural and exhaustion requirements, when an inmate seeks injunctive relief that challenges the fact or duration of his confinement. See Nelson v. Campbell, 124 S. Ct. 2117, 2122 (2004) (citing Preiser v. Rodriquez, 93 S. Ct. 1827, 1836 (1973)). Thus, the proper method for Stewart to challenge the parole hold imposed against him is to file a petition for a writ of habeas corpus. See Webster v. Beckette, Civil Action No. 5:08cv31, 2008 WL 1930090, at *2 (E.D. Tex. April 30, 2008) ("The proper method for the Plaintiff to challenge a parole hold issued by a criminal justice agency is by filing a petition for a writ of habeas corpus in federal court.") (citing Birdwell v. Skeen, 983 F.2d 1332, 1335 (5th Cir. 1993)).

The court declines to recharacterize Stewart's Complaint as a federal habeas corpus petition. Before seeking habeas relief in federal court, a petitioner must exhaust available state court

remedies. See, e.g., Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (citing Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1127-28 (1973)) (citations omitted). The exhaustion requirement is satisfied only when the grounds urged in a federal petition were fairly presented to the state's highest court in a procedurally proper manner. See Nickleson v. Stephens, 803 F.3d 748, 753 (5th Cir. 2015) (citing Morris v. Dretke, 379 F.3d 199, 204 (5th Cir. 2004)). A Texas criminal defendant may seek habeas relief from a parole hold in state court under Article 11.07, which is "solely within the jurisdiction and authority of the Texas Court of Criminal Appeals." Ex parte Abdullah, No. 06-11-00043-CR, 2011 WL 2226153, at *1 (Tex. App. — Texarkana June 7, 2011, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 11.07; Keene, 910 S.W.2d at 483); see also Ex parte Turner, No. 12-19-00357-CR, 2020 WL 500780, at *3, n.2 (Tex. App. — Tyler, Jan. 31, 2020, no pet.) (citations omitted). Because Stewart concedes that he has not filed any other action in state court relating to the claims outlined in his Complaint, it appears that he has not exhausted available state court remedies for purposes of seeking federal habeas review.[17] Accordingly, this action will be dismissed for failure to state a claim upon which relief may be granted.

---

[17]Complaint, Docket Entry No. 1, pp. 9-10; Plaintiff's MDS, Docket Entry No. 6, p. 7 Response 9(C).

## III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 filed by Mark Daniel Stewart (Docket Entry No. 1) is **DISMISSED with prejudice.**

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this the 28th day of May, 2021.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE